UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD P. HOBBS,

                Plaintiff,

        -against-

PATRICK LASCO SR., *Building Inspector*;
JUDGE INLAW, *of Yonkers City Court*;
WESTCHESTER COUNTY DISTRICT
ATTORNEY; HUD-NY STATE REGION;
PERSON IN WESTCHESTER COUNTY
GOV'T WHO DECIDED IF A LITIGANT
CAN PROCEED IN FORMA PAUPERIS;
MACY *Yonkers Section of Yonkers Housing
Authority*,

                Defendants.

20-CV-511 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, appearing *pro se*, is currently residing in a Manhattan homeless shelter. He filed this one-page, handwritten complaint, regarding conditions in an apartment in Yonkers that he lived in for nine years. By order dated January 31, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the following reasons, the Court dismisses the action for failure to state a claim, and grants Plaintiff 30 days' leave to amend his complaint.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Named as defendants in this one-page complaint — which is handwritten and hard to read — are Patrick Lasco, Sr., a building inspector in Yonkers; Yonkers City Court Judge Inlaw; the Westchester County District Attorney; "HUD [United States Department of Housing and

Urban Development] — NY State region"; the "person in Westchester County Govt who decides if a litigant can proceed in forma pauperis"; and "Macy – Yonkers Section 8 Yonkers Housing Authority." The complaint, which does not set forth a specific cause of action, contains the following allegations.

At an unspecified time, when Plaintiff lived at 1 Caryl Avenue in Yonkers, a Section 8 voucher paid a portion of his rent. Plaintiff "never had heat in winter," and as a result, he spent "$1000's of dollars" heating the apartment with a space heater. The Legal Aid Society helped Plaintiff "to get money from the DSS to pay the arrears and Plaintiff was allowed to stay in his apartment but still no heat." The bedroom did not have a working radiator, but Legal Aid "refused to allow Plaintiff to raise the issue of no heat." Housing inspectors "turned a blind eye to the lack of heat." Plaintiff "ended up in the hospital for 2 months" from "being in the freezing" apartment. There were many other problems with the apartment, including a nonworking kitchen sink and rotting walls, and for an unspecified period of time, Plaintiff was unable to live in the apartment, and he had to reside in a nursing home.

When Plaintiff complained to Defendant Lasco about the conditions in the apartment, Lasco "did illegal, unprofessional things" and eventually moved to evict Plaintiff. Plaintiff "filed a response in court asking for subpoena to call witnesses which Judge Inlaw refused to allow." According to Plaintiff, the City of Yonkers is "corrupt," and he seeks help to "rectify" the situation.

## DISCUSSION

### A. Rooker-Feldman Doctrine

It appears that there were state court proceedings regarding Plaintiff's eviction and the conditions in his apartment. To the extent that Plaintiff brings this complaint seeking to challenge the outcome of those proceedings, his claims are likely barred under the *Rooker-Feldman*

doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

If Plaintiff (1) lost in state court; (2) "complains of injuries caused by [a] state-court judgment;" (3) asks this Court to review and reject the state court's judgment; and (4) alleges that the state court judgment was rendered before he filed his case in this Court, his claims are barred under the *Rooker-Feldman* doctrine. Because it is not clear whether *Rooker-Feldman* applies to Plaintiff's claims, the Court grants Plaintiff leave to replead them.

**B.     Claims Against State Actors**

The Court liberally construes the complaint as asserting claims under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Additionally, a plaintiff asserting claims under § 1983 must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See*

*Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[1]

Moreover, where a plaintiff names a defendant in the caption, but the complaint contains no substantive allegations against the defendant, dismissal of the complaint as to that defendant is appropriate. *See Iwachiw v. New York State Dept. of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004), *aff'd*, 396 F.3d 525 (2d Cir. 2005); *Dove v. Fordham Univ.,* 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted") (citations omitted).

---

[1] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

1. **Patrick Lasco, Sr.; the "person in Westchester County Govt who decides if a litigant can proceed in forma pauperis"; "Macy – Yonkers Section 8 Yonkers Housing Authority"; Westchester County District Attorney**

Plaintiff alleges that Lasco was involved in Plaintiff's eviction. But Plaintiff does not explain exactly what Lasco did, or why, in his capacity as a Yonkers building inspector, he would have been involved in Plaintiff's eviction. In any event, even if Lasco was involved in Plaintiff's eviction, the complaint does not suggest that Lasco behaved unlawfully or violated Plaintiff's federally protected rights.

With respect to the "person in Westchester County Govt who decides if a litigant can proceed in forma pauperis," and Macy in the Yonkers Housing Authority, there is simply no information in the complaint explaining who these individuals are, what involvement they had in what occurred, or why Plaintiff is suing them. Similarly, Plaintiff names the Westchester County District Attorney, but makes no allegations against that individual.[2] Accordingly, Plaintiff's claims against them are dismissed, but he may file an amended complaint to add facts to support a claim against those defendants.

2. **Judge Inlaw**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d

---

[2] Depending on the nature of Plaintiff's claims, the Westchester County District Attorney, may well be immune from suit. *See Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

The complaint contains no facts suggesting that the judge presiding over Plaintiff's state court housing matter acted outside the scope of his authority. The judge is therefore immune from suit, and Plaintiff's claim against him is dismissed.

**C.     HUD**

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against its agencies, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (FTCA), provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). But before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a); *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013).

Pursuant to the FTCA, tort claims against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" or an action must be commenced within six months of when the agency issued its final denial of administrative remedy. *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, ECF 1:17-CV-7325, 17, 2018 WL 2976024, at *2 (S.D.N.Y. June 12, 2018); *see also* 28 U.S.C. § 2401(b). "Failure to exhaust the agency's administrative remedies within the statute of limitations will render the claim 'forever barred.'" *See id.* (citing *Castellanos v. Elrac Inc.*, No. 07-CV-2191 (DLE) (KAM), 2008 WL 919641, at *2 (E.D.N.Y. Apr. 3, 2008)). The exhaustion requirement is jurisdictional and cannot be waived. *Celestine v. Mount Vernon Neighborhood Health Cir.*, 403 F.3d 76, 82 (2d Cir. 2005).[3]

Here, there is no indication that Plaintiff has exhausted his administrative remedies under the FTCA.[4] Therefore, to the extent that Plaintiff seeks to assert FTCA claims against HUD, the Court must dismiss Plaintiff's claims as barred by the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

## LITIGATION HISTORY AND WARNING

Plaintiff is an experienced litigator. *See Hobbs v. Sanitation Dep't of the City of New York,* ECF 1:17-CV-1735, 5 (S.D.N.Y. July 19, 2017) (dismissing complaint for lack of subject matter jurisdiction and for failure to state a claim); *Hobbs v. McCright Associates* ECF 1:17-CV-

---

[3] The FTCA does not waive the sovereign immunity of the United States for constitutional torts. *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right. . . . [And] the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." ); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999) ("Congress has not waived the government' s sovereign immunity, for example, under the Federal Tort Claims Act. . . from lawsuits based on constitutional claims." ).

[4] In any event, there are also no facts supporting a claim against HUD.

1284, 6 (S.D.N.Y. May 4, 2017) (dismissing complaint without prejudice for failing to comply with court orders), *reconsid. denied* (S.D.N.Y. Nov. 27, 2018); *Hobbs v. Emas Properties, Inc.*, ECF 1:17-CV-0948, 6 (S.D.N.Y. July 9, 2017) (dismissing complaint for failure to state a claim), *recons. denied* (S.D.N.Y. May 3, 2019); *Hobbs v. Bay Park Ctr. for Nursing and Rehabilitation*, ECF 1:15-CV-4679, 12 (S.D.N.Y. Aug. 29, 2016) (dismissing complaint on immunity grounds, and as frivolous and for failure to state a claim); *Hobbs v. N.Y.C. Police Officers*, ECF 1:10-CV-5717, 160 (S.D.N.Y. Apr. 3, 2017) (dismissing case under stipulated settlement); *Hobbs v. Dep't of Law*, ECF 7:09-CV-3114, 23 (S.D.N.Y. Nov. 6, 2009) (dismissing case under stipulated settlement); *Hobbs v. New Rochelle Neighborhood Revitalization Corp.*, No. 02-CV-7386 (S.D.N.Y. Sept. 13, 2002) (dismissing complaint for failure to state a claim).

In light of Plaintiff's litigation history, this Court finds that Plaintiff was or should have been aware of the elements of a §1983 claim when he filed this action. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

On January 17, 2020, the same day that Plaintiff filed this complaint, he filed three other *pro se* complaints. *See Hobbs v. Lasco*, ECF 1:20-CV-511, 2; *Hobbs v. Evans*, ECF 1:20-CV-514, 2; *Hobbs v. Livingston*, ECF 1:20-CV-515, 2. Plaintiff is warned that if he abuses the privilege of proceeding IFP in this Court, he will be ordered to show cause why he should not be barred, under 28 U.S.C. § 1651, from filing new IFP cases without prior permission.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In an abundance of caution, Plaintiff is granted thirty days' leave to file an amended complaint that addresses the deficiencies discussed in this order. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-511 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to file an amended complaint, the Court will enter judgment in this case, and the matter will be closed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 21, 2020
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

## A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.  If you checked Diversity of Citizenship

### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                           (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name            Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City            State            Zip Code

Defendant 2: _____

First Name            Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City            State            Zip Code

Defendant 3: _____

First Name            Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City            State            Zip Code

Defendant 4: _____

       First Name                  Last Name

_____

       Current Job Title (or other identifying information)

_____

       Current Work Address (or other address where defendant may be served)

_____

       County, City             State         Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.